Dear President Hoover:
This office is in receipt of your request for an Opinion from the Attorney General. You asked ". . . under what circumstances individual members of the Board of Commissioners of the Florida Parishes Juvenile Justice Commission can be held for civil damages in connection with the duties imposed upon them and to what extent is the District obligated to indemnify the Commissioners in the event that the allegations of an error or omission prove to be well founded." The Attorney General's response to this inquiry is presented as follows.
LA. REV. STAT. § 15:1094 created the Florida Parishes Juvenile Justice District (the "District") and established it as a political subdivision of the State of Louisiana.[1] LA. REV. STAT. § 15:1094.1(A) created the Florida Parishes Juvenile Justice Commission (the "Commission") to control, administer, and manage the affairs of the District.[2] The District's Commission is comprised of seven (7) board members.[3] Each of these members is appointed to serve on the Board of Commissioners (the "Board") by various *Page 2 
local authorities throughout the District.[4] LA. REV. STAT. §15:1094.1(B) then provides Board members serve without salary or perdiem but may, if authorized by the Board, receive a reasonable travel allowance in the performance of their official duties.[5]
Having established the District is a political subdivision and that individual commissioners are appointed to their positions, we next focus our attention on whether or not they can be held liable for their actions as commissioners. LA. REV. STAT. § 9:2792.4 pertinently provides:
 A. As used in this Section, a "member of a board, commission or authority of a political subdivision" means a person serving as an elected or appointed director, trustee, or member of a board, commission, or authority of a municipality, ward, parish, or special district, board, or commission of the state, including without limitation, a levee district, school board, parish law enforcement district, downtown development district, tourist commission, port commission, publicly owned railroad board or commission, or any other local board, commission, or authority.
 B. A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of the board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.[6]
Accordingly, it is our opinion that the District's commissioners qualify under LA. REV. STAT. § 9:2792.4(A). And in light of LA. REV. STAT. § 9:2792.4(B), they cannot be held individually liable for any act or omission resulting in damage or injury arising out of the exercise of their judgment in the formation and implementation of policy while acting as a member of the Board, provided they were acting in good faith and within the scope of their official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct. *Page 3 
Next, we address your concerns over whether the District is obligated to indemnify the commissioners in the event allegations against them prove to be well-founded. LA. REV. STAT. § 42:1441.3(A) pertinently provides:
 A. The master of an individual who is an elected or appointed public officer, or employee of a political subdivision, under the meaning and purpose of Civil Code Article 2320 and other laws imposing liability on a master for the offenses and quasi offenses of his servant, is the particular political subdivision of which such individual is a public officer, official, or employee.[7]
Consequently, under the laws of Louisiana which impose liability on a master for his servants' offenses and quasi offenses, it is our opinion the District is the "master" of the individual commissioners. It is thus the District which is ultimately responsible for the actions of the commissioners (unless the damage or injury was caused by the commissioners' willful or wanton misconduct).
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:____________
 DAVID A. YOUNG
 Assistant Attorney General
 CCF, JR:DAY:jv
[1] LA. REV. STAT. § 15:1094.
[2] LA. REV. STAT. § 15:1094.1(A).
[3] Id.
[4] Id.
[5] LA. REV. STAT. § 15:1094.1(B).
[6] LA. REV. STAT. § 9:2792.4.
[7] LA. REV. STAT. § 42:1441.3(A).